FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 19, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

CHARLES JOSEPH REEVIS,

          Plaintiff,

    v.

EASTERN STATE HOSPITAL, SPOKANE COUNTY SUPERIOR COURT, and US SUPREME COURT,

          Defendants.

No.  2:26-cv-19-EFS

**ORDER DISMISSING ACTION PURSUANT TO LCivR 41(b)(2)**

By Order filed February 23, 2026, the Court instructed Plaintiff, a *pro se* individual housed at the Eastern State Hospital, to clarify his prisoner status under 28 U.S.C. § 1915(h), for the purpose of determining whether Plaintiff is required to comply with the statutory requirements of 28 U.S.C. § 1915(a)(2), or is precluded from proceeding

ORDER DISMISSING ACTION PURSUANT TO LCivR 41(b)(2) -- 1

*in forma pauperis* under 28 U.S.C. § 1915(g).[1]

Plaintiff did not respond to the Court's Order and has filed nothing further in this action. On March 6, 2026, the copy of the Order mailed to Plaintiff at the Eastern State Hospital was returned as undeliverable.[2]

On March 12, 2026, a copy of an Order mailed to Plaintiff at the Eastern State Hospital in case No. 2:26-cv-00024-TOR was also returned as undeliverable.[3]  Subsequent attempts to mail documents to Plaintiff at that facility resulted in mail being returned as undeliverable.[4]  Plaintiff has not kept the Court informed of his current address and has filed nothing further in this action.

Local Civil Rule 41(b)(2) requires a *pro se* litigant to keep the Court and opposing parties advised as to his current mailing address. If mail directed to a *pro se* plaintiff is returned by the Postal Service,

---

[1] ECF No. 4.

[2] ECF No. 5.

[3] *See id.,* ECF No. 5.

[4] *See id.*, ECF Nos. 6–8.

ORDER DISMISSING ACTION PURSUANT TO LCivR 41(b)(2) -- 2

he has sixty (60) days to notify the Court and opposing parties of his current address or the Court may dismiss the action.[5]

The Court has an interest in managing its docket and in the prompt resolution of civil matters.[6] Plaintiff's mail has been returned, and the Court has not been apprised of a current address.

Accordingly, **IT IS HEREBY ORDERED:**

1.    This action is **DISMISSED** without prejudice pursuant to LCivR 41(b)(2).

---

[5] LCivR 41(b)(2).

[6] *See Destfino v. Reiswig,* 630 F.3d 952, 959 (9th Cir. 2011) (affirming district court's inherent power to control its docket); *see also Pagtalunan v. Galarza,* 291 F.3d 639, 642–44 (9th Cir. 2002) (discussing factors to consider in dismissing a claim for failure to prosecute or failure to comply with a court order, including the public's interest in expeditious resolution, the court's need to manage its docket, and the risk of prejudice to defendants).

2.     The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order could not be taken in good faith and would lack any arguable basis in law or fact.

IT IS SO ORDERED. The Clerk's Office is directed to file this order, enter judgment, and provide copies to Plaintiff at his last known address.

DATED this 19th day of May 2026.

EDWARD F. SHEA
Senior United States District Judge

ORDER DISMISSING ACTION PURSUANT TO LCivR 41(b)(2) -- 4